IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARY MARGARET WHATLEY** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:24-cv-000679 |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Mary Margaret Whatley, Plaintiff, by and through her attorney Raymond J. Hawthorne, Jr., now comes before this Court and bring this action against the Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.*, as follows:

### I.

### PARTIES

1. This case arises out of bodily injuries caused by a United States Postal Service (hereinafter, "USPS") employee, when she was negligently following the Plaintiff too closely, changed lanes, and struck the Plaintiff's vehicle.

2. Plaintiff is a United States citizen and resides in the city of Montgomery, Alabama, and thus is a resident within the jurisdiction of the Middle District Court of Alabama.

3. Defendant is the United States of America. Bonita Jessica Freshwater (hereinafter, "Ms. Freshwater") at all times relevant to this lawsuit, was an employee of the USPS, an agency

of the United States of America, and acting within the line and scope of her official duties with USPS.

## II.

## **JURISDICTION, SERVICE, & VENUE**

4. This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1331, 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act.

5. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney Kevin P. Anderson, United States Attorney for the Middle District of Alabama by certified mail, return receipt requested at his office:

> United States Attorney's Office
> Attn: Civil Process Clerk
> 131 Clayton Street
> Montgomery, Alabama 36104

6. Service is also affected by serving a copy of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.

2

## LIABILITY OF THE UNITED STATES

8. This case is commenced and prosecuted against the United States of America and in compliance with Title 28 U.S.C. §§ 2671-2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the USPS, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

9. The USPS is an agency of the United States of America. The Defendant United States of America, through its agency, the USPS, at all material times owned, operated, and controlled the USPS office located at 1320 Pike Road, Pike Road, Alabama 36064, and staffed its facilities and vehicles with its agents, servants and employees.

10. At all material times, Ms. Freshwater and all persons involved in supervising Ms. Freshwater were agents, servants, or employees of the United States of America or its agency, and were at all times acting within the course and scope of their employment.

IV.

## JURISDICTIONAL PREREQUISITES

11. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed and presented administratively to the USPS on November 27, 2023. On September 13, 2024, the United States of America, by and through the USPS, responded in writing and by certified mail, return receipt requested, as to the claims of the Plaintiff. This lawsuit was filed within six (6) months of the USPS's response to Plaintiff's claims.

12. Accordingly, the Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

V.

**FACTS**

13. This is a Federal Torts Claims Action for monetary damages sustained by the Plaintiff arising out of the personal injuries to MARY MARGARET WHATLEY as a result of the negligent and/or wanton operation of a vehicle by Ms. Freshwater, an employee of the USPS.

14. On the afternoon of June 11, 2023, the Plaintiff received serious personal injuries after being struck by a USPS vehicle negligently and/or wantonly driven by Ms. Freshwater, a USPS employee.

15. The Plaintiff was stopped for traffic in her motor vehicle in an open and obvious position northbound on Pike Road in Pike Road, Alabama at the time she was struck by Ms. Freshwater, a USPS employee, who was following the Plaintiff too closely and admitted to changing lanes and colliding with the Plaintiff.

16. Ms. Freshwater, in her capacity as a USPS employee, negligently and/or wantonly operated her vehicle in such a fashion as to allow it to strike Plaintiff, while she was stopped for traffic in her motor vehicle located on the public right-a-way known as Pike Road in Montgomery County, Alabama.

17. At the time of the collision, Ms. Freshwater's Alabama Driver's License was suspended and she was legally ineligible to be lawfully operating a vehicle on the roadways in accordance with the Laws of the State of Alabama.

18.     At the time of the collision, the USPS inadequately hired/trained/supervised Ms. Freshwater in that she was allowed to perform her job of driving and delivering mail with a suspended license.

19.     As a proximate result of the negligence and/or wantonness on the part of the USPS and/or its employee, the Plaintiff suffered and continues to suffer from back, shoulder and neck pain, and was caused to incur substantial medical expenses, out-of-pocket expenses, and Plaintiff suffered loss of value and use to her motor vehicle.

20.     Ms. Freshwater was an employee of USPS and therefore claims for negligence and/or wantonness may be pursued against the United States of America.

21.     The Plaintiff would be entitled to pursue these claims under the Laws of the State of Alabama, including but not limited to, claims of negligence and/or wantonness.

22.     The claims of the Plaintiff are based upon the facts and events set forth below, all of which actions were taken (and events were caused) by a USPS employee and an agent of the United States Government while acting within the line and scope of her employment.

## VI.

## CAUSE OF ACTION

23.     The Plaintiff incorporates by reference herein allegations set forth above.

24.     Through its employees, agents, or servants, the Defendant, United States of America, was negligent and/or wanton in one or more of the following respects:

   a.     Negligence and/or wantonness for following too closely;

   b.     Negligence and/or wantonness for reckless driving;

   c.     Negligence and/or wantonness for turning movements and required signals;

    d.      Negligence and/or wantonness for failing to maintain proper and safe control of her vehicle;

    e.      Negligence and/or wantonness for driving with a suspended license;

    f.      Negligence and/or wantonness for failing to maintain a safe and proper lookout for other vehicles; and/or

    g.      Negligence and/or wantonness for hiring/training/supervising an employee of the USPS who was unlawfully driving with a suspended license.

25. At all material times, the employees, agents, or representatives of the United States Government were negligent and/or wanton and caused the injuries sustained by the Plaintiff.

26. Ms. Freshwater, in her capacity as a USPS employee, negligently and/or wantonly operated her vehicle in such a fashion as to allow it to strike Plaintiff while Plaintiff was stopped for traffic in her motor vehicle located on the public right-a-way known as Pike Road in Montgomery County, Alabama.

27. As a proximate result of the negligence and/or wantonness on the part of the USPS employee, the Plaintiff suffered and continues to suffer from back, shoulder and neck pain, and was caused to incur substantial medical expenses, out-of-pocket expenses, and Plaintiff suffered loss of value and use to her motor vehicle

## VII.

## **DAMAGES**

28. Plaintiff incorporates by reference herein allegations set forth above.

29. As a proximate result of the Defendant's negligent acts or omissions, the Plaintiff suffered injuries, which would not have occurred otherwise. The Plaintiff pleads for all damages available under Alabama state law, federal law, and equity, including:

a. Medical expenses incurred by as the result of injuries suffered in the incident;

b. Past and future pain and suffering;

c. Past and future mental anguish;

d. Past and future physical impairment and disability;

e. Past and future physical disfigurement;

f. Past and future loss of income and impairment of earning capacity;

g. Past and future reasonable charges necessary for medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services;

h. Out of pocket expenses; and

i. Loss of value to property.

## VIII.

## JURY TRIAL DEMANDED

30. The Plaintiff hereby DEMANDS a trial by jury.

## IX.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff is entitled to damages from the United States of America, and she hereby prays that judgment be entered in her favor and against the United States of America as follows:

31. The amount of actual damages and for other and different amounts as they shall show by proper amendment before trial;

32. For post-judgment interest as the applicable legal rate;

33. For all Court costs incurred in this litigation;

34. For other such relief, at law and in equity, both general and special, to which Plaintiff may show herself entitled to and to which the Court believes them deserving;

35. Compensatory damages for medical expenses, pain and suffering and mental anguish in the sum of $100,000.00 and $10,457.77.00 for property loss;

36. Compensatory damages for the loss of value of her motor vehicle and loss of its use;

37. Cost of prosecuting this action;

38. Punitive damages for the wanton and/or reckless conduct of the USPS employee's actions, if appliable; and

39. Such other damages as the Court deems appropriate.

Respectfully submitted,

**RAYMOND J. HAWTHORNE, JR.** (HAW038)
Counsel for Plaintiff

OF COUNSEL:
**HAWTHORNE | ATCHISON | RIDDLE**
400 South Union Street, Suite 395
Montgomery, Alabama 36104
(334) 676-3696 – Phone
(334) 676-3697 – Facsimile
Ray@HARlegal.com


**SERVE DEFENDANTS BY CERTIFIED U.S. MAIL:**

United States Attorney's Office
Middle District of Alabama
Attn:  Civil Process Clerk
131 Clayton Street
Montgomery, Alabama 36104

Attorney General of the United States

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Postal Service
475 L'Enfant Plaza SW, Room 4012
Washington, DC 20260-2200

United States Postal Service
Attn: Tort Claims
Post Office Box 906
Birmingham, Alabama 35201-0906